IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONDEVOO TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-588 (MN) |
| | ) | |
| BEHOLD.AI TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONDEVOO TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-589 (MN) |
| | ) | |
| ENLITIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONDEVOO TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-591 (MN) |
| | ) | |
| PAIGE.AI.INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONDEVOO TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-592 (MN) |
| | ) | |
| DEEPRADIOLOGY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

RONDEVOO TECHNOLOGIES, LLC,  )
                              )
              Plaintiff,      )
                              )
       v.                     )   C.A. No. 20-593 (MN)
                              )
MINDSHARE MEDICAL, INC.,      )
                              )
              Defendant.      )

## MEMORANDUM ORDER DISMISSING CASES

At Wilmington this 7th day of May 2020:

Rondevoo Technologies, LLC filed five cases on April 29, 2020.  Each one asserts the same three patents:  U.S. Patent Nos. 7,088,854, 7,254,266 and 8,687,879.  Each was filed by the same Delaware attorney.  Each included a civil cover sheet that was left blank in Section VIII, which requests, "Related Case(s) If Any."[1]  The five cases were assigned to this Court.

These were not the first cases filed in this District by the same Plaintiff asserting the same patents.  In this District, there were six earlier cases filed (by different counsel) on August 20, 2019 (two), September 10, 2019 (one), October 30, 2019 (one), and December 21, 2019 (two), all of which were assigned to The Honorable Richard G. Andrews and were closed before April 29, 2020.

In addition, it appears that there have been numerous other cases filed in several other Districts throughout the United States asserting these same three patents:  Southern and Eastern Districts of New York, Southern District of Ohio, Western District of Washington, Middle District of Florida, Northern and Central Districts of California, Middle District of Florida, Eastern District of Texas, and the District of Colorado.

---

[1]     In addition, four out of the five civil cover sheets were not signed by counsel and the one that was signed contains the wrong attorney and law firm information in Section I(c). Counsel filed amended civil cover sheets in two of the actions to add his signature.

The District of Delaware has a Local Rule that states: "Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action *previously decided or pending in this or any other federal district court*. Civil actions are related if they . . . [i]nvolve the same patent." D. Del. LR 3.1(b)(3) (emphasis added). The civil cover sheet itself has instructions, which state: "If there are related *pending* cases, insert the docket numbers and the corresponding judge names for such cases." Instructions for Attorneys Completing Civil Cover Sheet Form JS 44 § VIII (emphasis added).[2] Thus, the civil cover sheet instructions seem narrower than the Local Rule. The civil cover sheet, however, is not specific to this Court as it is a national form. Thus, to the extent the instructions for the civil cover sheet are inconsistent with Local Rule 3.1(b)(3), the Local Rule must be followed, not the civil cover sheet's form instructions.

If this were the first time this particular Delaware attorney had violated this Local Rule, or if he were an infrequent practitioner in this Court, it would be handled informally as has been done in the past. As of this date, this Delaware attorney has filed 112 cases in this District, and this is not his first failure to follow the rules.[3]

Counsel's failure to comply with the Local Rule unnecessarily wastes numerous judicial resources including this Court's time.

THEREFORE, for counsel's failure to once again comply with the Court's Local Rules, these cases are **DISMISSED** without prejudice. If Plaintiff wishes to pursue these actions, each

---

[2]    JS 44 Civil Coversheet and accompanying instructions are available at https://www.ded.uscourts.gov/sites/ded/files/forms/Civil%20Cover%20Sheet_0.pdf

[3]    Indeed, counsel has previously had cases dismissed for failure to follow the Local Rules. (*See*, *e.g.*, D.I. 6 in C.A. No. 20-334 (RGA)).

action must be re-filed and additional filing fees paid.  The Clerk of Court is directed to **CLOSE** these cases.

Counsel is further directed to submit a letter to the Court within five days of this Order stating that he has read this Order in its entirety and that he understands that his continued failure to comply with the Local Rules will result in an escalation of the Court's response.

IT IS SO ORDERED this 7th day of May 2020.

The Honorable Maryellen Noreika
United States District Judge

4